WESTERN DIST.
October, 1831.

PARISH TREASU-
RER.
vs.
RUSSELL ET ALS.

PARISH TREASURER vs. RUSSELL ET ALS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

A suit is properly brought in the name of the parish treasurer, on a note payable to him, for the sale of a public ferry, when the ordinance of the police jury requires bonds taken for this object, to be given in his name.

The right of the public authority to establish and regulate ferries has been exercised both by the ancient and modern laws of this state. And the police juries can sell the privilege to keep one to the highest bidder, and enforce payment.

The legislature has conferred authority on the police jury to establish ferries and sell the privilege of keeping them, to the highest bidder, even at places where private ferries have been kept.

The questions involved in this case are : 1. What authority the public have over the public ferries of the county, and whether, under the act of 25th March, 1813, the police jury have the right to establish and let them out to the highest bidder. See case of *Renthrop et als.* vs. *Bourg*, 4 *Martin* and the act of 1813, which are in point and full on this subject.

In May 1831, Charles E. Grencaux, parish treasurer of the parish of Natchitoches, for the use and benefit of the parish, sued the defendants on their promissory note, for three hundred and sixty-five dollars, dated 3d September, 1827, given for the sale, by the police jury of said parish, "of the privilege to keep a ferry at a place called Grand Écor."

The defendants denied the plaintiff's right to sue as parish treasurer ; but that the suit should have been instituted in the name of the police jury.

They aver the note was given without consideration, and in error ; that the police jury had no right to sell the public ferries, but only to establish them as a part of the public road, and to regulate the rates of ferriage.

In an amended answer the defendants allege the ferry at Grand Ecor never was established by the police jury of the parish, but that it had existed as a ferry for more than forty years, and uniformly kept by the *riparian* owners. The police jury has only a right to let to the highest bidder such ferries as they may establish from time to time.

WESTERN DIST.
October, 1831.
─────────
PARISH TREASU-
RER
vs.
RUSSELL ET ALS.

The district judge gave judgment for the defendants. The plaintiff appealed.

*Dunn,* for plaintiff.   *Bullard,* for the defendants.

*Porter, J.* delivered the opinion of the court.

This action is brought by the treasurer of the parish of Natchitoches, for the use and benefit of the parish, on a note by which the defendants bound themselves in these words: " Twelve months after the first of January, 1828, we promise to pay *in solido* to the parish treasurer or order, the sum of three hundred and sixty-five dollars, being in full for the purchase of the privilege of keeping a ferry at the place called Grand Ecor,.this 30th day of September, 1827." The defendants pleaded :

1. That the suit should have been instituted in the name of the police jury.

2. That the obligation was given in error, and without consideration.

3. That the police jury have no right in law to sell public ferries, or to do any thing more than establish them as a part of the public road and to regulate the rates of ferriage.

4. That the ferry never was established by the police jury of the parish, but that the same has been a ferry for more than forty years, and uniformly kept by the *riparian* owners.

A suit is properly brought in the name of the parish treasurer, on a note payable to him, for the sale of a public ferry, when the ordinance of the police jury requires bonds taken for this object, to be given in his name.

The ordinance of the police jury produced in evidence shows that the sales of the ferries were to be made on condition, " the purchaser should give bond to the treasurer for the use of the parish." We are of opinion that under this ordinance, the suit was properly brought in the name of the treasurer. The note was payable to him, and as treasurer of the parish, if collected by any other, he was the person to whom the money should have been paid. The case comes within, and is governed by the 2970th article of our code, which declares that powers granted to persons, who fulfil certain functions, to do any business in the ordinary course of affairs to which they are deputed, need not be specified, but are to be inferred. The order to the treasurer to take the obligation in his name for the use of the parish, cannot be

understood to have any other object than to enable him to collect the money.

WESTERN DIST.
October, 1831.

The second, third and fourth points, may properly be considered together.

PARISH. TREASU-
RER
vs.
RUSSELL ET ALS.

The right of the public to establish ferries and to regulate them, cannot be doubted. They were regarded by the ancient laws of Louisiana as belonging to the public, and many acts of the territorial and state legislatures, since the change of government, show they considered them in the same light. It is very important they should be considered such, particularly when they connect a public highway ; and the state has the same right to regulate by whom, how, and at what rates, persons shall enjoy the right of carrying over the river those who travel on the highway, as they have to create turnpikes, erect gates, and fix the rate of tolls. The defendant has not shown any grant from the sovereign by which a right so important to public convenience and public safety has been transferred to him. None can be presumed in regard to things public. *Vattel's Law of Nations, book 2, chapter 14, § 217. Domat, volume 1, liber 1, title 1, § 2 and 17.*

> The right of the public authority to establish and regulate ferries has been exercised both by the ancient and modern laws of this state.— And the police juries can sell the privilege to keep one to the highest bidder & enforce payment.

But it has been contended, that the legislature has only conferred on the police juries, power to establish ferries, and to regulate those they establish : That this ferry was established long before the act in question was passed, and that they have no authority to interfere with it. The evidence does not show the ferry was established as a public ferry previous to the passage of the ordinance of the police jury in 1827. It was not used, it is true, by the public, but the appellee himself has shown it was established by the owner of the adjoining land. There is nothing in the act of the legislature which prevents the police jury from establishing a public ferry at a place where a private one had already been fixed. Individuals cannot acquire for themselves, in this way, interests which are first made to clash with, and ultimately to control the right of the public. By a clause in the eighth section of the first article of the Constitution of the United States, Congress has the power to establish post roads. Under this grant, the power to make new roads has been very obstinately contested : But the right to make post-

roads, of roads already made, has not, we are aware, been called in controversy. It is the act of the police jury conferring the right of using the place as a ferry—fixing the rates, and creating the obligations which flow from the engagement to conduct it under their authority, which establish a ferry. Where these things do not exist it may have been used as a place to cross persons travelling, but it is not established by the public. It is, indeed, proven in this case by parole evidence, that in the year 1804, the civil and military commandant, assisted by the justices of the peace, fixed the rates of ferriage at the crossing place. Where they get the power to do so, we do not know. But this act of assumed authority did not establish the ferry as a public one, and did not create any obligation on the part of the *riparian* proprietor to continue it. He came under no obligation to keep it there for a year, or even for a day, and he might have ceased to cross persons when he chose. It was inconveniences such as these, with others that are obvious, which induced the legislature to confer on police juries the authority to take these matters under their control ; to establish public ferries where public convenience required it ; and to make such contracts with those to whom they confided them, as might insure to all persons who had occasion to travel on the highway a safe conveyance across the water courses which impeded communication on it.

Being thus of opinion that the police jury had the power to regulate this ferry, we think they had the right to sell the privilege of using it to the highest bidder.

The plea of prescription has not been supported, and on the whole we think the court below erred in giving judgment for defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendants the sum of three hundred and sixty-five dollars, with costs in both courts.